UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA FRANKLIN,<br><br>             Plaintiff,<br><br>       v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>             Defendant. | No.  2:16-cv-00303-TLN-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |

This matter is before the Court pursuant to Plaintiff Gloria Franklin's ("Plaintiff") Motion for Remand to State Court.  (ECF No. 10.)  Defendant Adams & Associates, Inc. ("Defendant" or "Adams") opposes Plaintiff's motion.  (Opp'n, ECF No. 13.)  The Court has carefully considered the arguments raised by the parties' briefing.  For the following reasons, Plaintiff's Motion for Remand to State Court (ECF No. 10) is DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This is an employment claim brought by Plaintiff against her former employer, Defendant for claims under California's Fair Employment and Housing Act ("FEHA").  Plaintiff filed this action with the Superior Court of the State of California for the County of Sacramento on November 18, 2015.  Plaintiff's Complaint alleges the following causes of action: (1) age discrimination; (2) disability discrimination; (3) racial and national origin discrimination; (4) failure to hire against public policy; (5) retaliation; (6) failure to accommodate; (7) failure to

engage in the interactive process; (8) failure to prevent discrimination; (9) intentional infliction of emotional distress; and (10) failure to provide copies of personal files. (Compl., ECF No. 1-1.) On February 12, 2016, Defendant removed this action to the United States District Court, Eastern District of California, alleging diversity jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441(b). (Not. of Removal, ECF No. 1.) Plaintiff filed the instant motion asserting that Defendant has not met its burden in showing diversity, specifically that Defendant is domiciled in Nevada and not California. (ECF No. 10 at 3.)

## II.   LEGAL STANDARD

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). If the amount is not facially apparent from the complaint, the Court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–56 (5th Cir. 1995).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e. complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

### III.   ANALYSIS

Here it is undisputed that Plaintiff is a citizen of California and that the amount in controversy exceeds $75,000. Thus, the Court is left to determine Defendant's citizenship in order to decide whether the parties are diverse. Plaintiff contends that Defendant's Notice of Removal is insufficient because Defendant has not provided the required information to determine its corporate citizenship, such as: "(1) the number of employees it has in each state; (2) the percentage of its sales originating in each state; and (3) the percentages of its assets held in each state." (ECF No. 10 at 7.) Defendant argues that Plaintiff has applied the wrong legal test for corporation citizenship and asserts that it is a citizen of Nevada. (ECF No. 13 at 2–3.) This Court agrees.

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). The Supreme Court has concluded that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's nerve center.'" *Id.* at 80–81.

Defendant is a corporation organized and existing under the laws of the State of Nevada and has been since September 25, 1990. (*See* Decl. of Tiffinay Pagni in Supp't of Def's Opp'n, ECF No. 13-1 at ¶ 2.) Defendant holds annual stockholder and Board of Directors meetings,

3

usually in the first quarter of the year, as well as Defendant's twice-annual meetings for its Job Corps Center Directors during which Directors meet with corporate staff for training, evaluation and strategic planning. (ECF No. 13-1 at ¶ 2.) These meetings take place at Defendant's corporate office in Reno. (ECF No. 13-1 at ¶ 2.) As for Defendant's high level officers, Defendant alleges as follows:

> All but one of Adams' top executives are based out of the Reno office, including President Roy Adams, Secretary and Vice President of Administration Leslie Adams, Treasurer and Executive Director Dan Norem, Vice President of Finance Magdalena Cleveland, Vice President of Information Technology Dino Cabal and [General Counsel and Vice President of Human Resources, Tiffinay Pagni]. The single exception, President of Operations Susan Larson, currently resides in Maryland but spends 30 percent of her time at the Reno office. Ms. Larson has purchased a home in Reno and will soon relocate there permanently.

(ECF No. 13-1 at ¶ 4.) Defendant further alleges that although each of Defendant's Job Corps Centers has its own local administrative departments for day-to-day operations, "policy decisions for the entire company are made by the executives resident in the Reno corporate office. All job descriptions, personnel policies, employee terminations, benefits plans, retirement plans and insurance policies are reviewed and approved in the Reno corporate office." (ECF No. 13-1 at ¶ 3.) The Court finds that these facts are sufficient to support removal because Defendant is incorporated in Nevada and has its principle place of business in Nevada.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has met its burden of showing that the parties are diverse within the meaning of 28 U.S.C. § 1332. As such, Plaintiff's Motion for Remand to State Court (ECF No. 10) is hereby **DENIED**.

IT IS SO ORDERED.

Dated: July 22, 2016

Troy L. Nunley
United States District Judge

4