UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA FRANKLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>  Defendant. | No. 2:16-cv-00303-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 19.) Plaintiff Gloria Franklin ("Plaintiff") opposes the motion. (ECF No. 21.) Defendant has filed a reply. (ECF No. 22.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings (ECF No. 19).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges she was hired in 2003 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility that offers assistance to at-risk young adults. (ECF No. 19-1 ¶¶ 9, 10.) Plaintiff states she generally worked the graveyard shift and describes her duties as counseling students and maintaining clean and safe living conditions. (ECF No. 19-1 ¶ 11.) Plaintiff alleges during her tenure she had no disciplinary history and worked "with support and praise from her supervisors for many years." (ECF No. 19-1 ¶ 12.) Plaintiff states

1

she was an African American woman, over 40 years old, with a cancer related medical condition, and "an active member of her labor union, the California Federation of Teachers Union ("CFT")." (ECF No. 19-1 ¶¶ 13, 31, 43–44, & 51.) Plaintiff alleges in December 2013, she underwent surgery for pancreatic cancer and was hospitalized for two weeks after the surgery. (ECF No. 19-1 ¶ 14.) Plaintiff alleges "she was forced to miss work for a period of time under disability leave provisions of the Family and Medical Leave Act ("FMLA")." (ECF No. 19-1 ¶ 14.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 19-1 ¶ 15.) Plaintiff alleges Defendant announced "it would evaluate and interview [SJCC] employees to continue in their positions." (ECF No. 19-1 ¶ 16.) Plaintiff alleges she contacted Defendant while on medical leave and informed Defendant "she would be prepared to continue her career with [SJCC] in the next few weeks." (ECF No. 19-1 ¶ 17.) Plaintiff alleges she filled out and submitted a job application to continue in the same position. (ECF No. 19-1 ¶ 18.)

Plaintiff alleges she contacted Defendant after her release from the hospital to follow up on her application and request an interview, which she requested be conducted over the telephone because she had just been discharged from the hospital. (ECF No. 19-1 ¶ 20–21.) Plaintiff alleges that during the interview Defendant asked her several questions regarding the status of her medical condition and when she would be able to return to work. (ECF No. 19-1 ¶ 22.) Plaintiff alleges she informed Defendant she would be prepared to resume working about March 16, 2014. (ECF No. 19-1 ¶ 23.) Plaintiff alleges Defendant informed her that the "return date would not present a problem and thanked Plaintiff for the interview." (ECF No. 19-1 ¶ 24.)

Plaintiff alleges Defendant sent her a letter "approximately 10 days before she was to return to work informing her that she would not be offered an opportunity to continue in her position." (ECF No. 19-1 ¶ 25.) Plaintiff alleges the "letter further stated that Plaintiff's application would be kept on file and that she would be contacted regarding any additional vacancies." (ECF No. 19-1 ¶ 26.) Plaintiff alleges Defendant "never contacted [her] regarding another vacancy at [SJCC], and she was informed by other employees that Defendant [] had filled vacancies without any attempt to contact her." (ECF No. 19-1 ¶ 27.)

///

2

On November 18, 2015, Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 19-1 at 4.) Defendant answered the complaint and then removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1 at 1; ECF No. 1-1 at 28–37.) Defendant moves for judgment on the pleadings for failure to state a claim. (ECF No. 19 at 7.)

Plaintiff alleges claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law, including: (i) age, race and disability discrimination in violation of California Government Code § 12940; (ii) failure to hire in violation of public policy; (iii) retaliation in violation of California Government Code § 12940(h); (iv) failure to prevent discrimination in violation of California Government Code §12940(k); (v) failure to accommodate in violation of California Government Code § 12940(m); (vi) failure to engage in the interactive process in violation of California Government Code § 12940(n); (vii) intentional infliction of emotional distress; and (viii) failure to provide copies of personnel files in violation of California Labor Code § 1198.5. (ECF No. 19-1 at 4, 7–18.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly

granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.   ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts to support any of her claims. (ECF No. 19 at 7.) The Court will discuss each claim in turn.

A.   <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against her because of her age, race, and disability. (ECF No. 19-1 ¶¶ 33, 44, 53.) Defendant argues Plaintiff makes only conclusory, boilerplate allegations, and does not allege facts sufficient to show grounds for relief or to demonstrate that any of the protected characteristics Plaintiff claims were factors in Defendants decisions. (ECF No. 19 at 10–11.) Plaintiff states generally that all of her claims are sufficiently stated and her factual allegations are sufficient. (ECF No. 21 at 6.)

4

FEHA prohibits an employer from discriminating against an employee because of age, race, color, medical condition, disability, or religious creed. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) she was a member of a protected class; (ii) she was qualified for the position she sought; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges she was a member of several protected classes because she was over 40 years old, African American, and had a cancer related medical condition. (ECF No. 19-1 ¶¶ 31, 40, 51.) Plaintiff alleges Defendant discriminated against her because of her age, race, and disability, by failing to hire her, retaliating against her, and failing to prevent discrimination against her, all because of her protected characteristics. (ECF No. 19-1 ¶¶ 33, 44, 53.)

### i. Age and Race Discrimination

Plaintiff alleges she is over 40 years old and an African American, and Defendant discriminated against her because of her age and race. (ECF No. 19-1 ¶¶ 31–33, 51–53.) Plaintiff's allegations Defendant acted because of her age or race, are recitations of an element. *See Iqbal*, 556 U.S. at 678. In her general factual allegations, Plaintiff alleges after she was terminated, Defendant filled vacancies without attempting to contact her although her termination letter stated her application would be kept on file for future vacancies. (ECF No. 19-1 ¶¶ 26–27.) Plaintiff does not allege these vacancies were filled by employees outside of Plaintiff's protected classes or other circumstances suggesting discriminatory motive. *Achal*, 114 F. Supp. 3d at 800.

Plaintiff has not alleged facts related to age or race, and so does not allege facts sufficient to support a reasonable inference Defendant acted *because* of her age or race. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff

did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding the plaintiff, an African American, stated a case for failure to promote based on race by showing that rather than filling the position by promoting any of the interviewees, the employer transferred a white manager into the position).

Plaintiff has not met the fourth element of her discrimination claims for age or race, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claims for discrimination based on age and race.

### ii. *Disability Discrimination*

FEHA prohibits an employer from discriminating against an employee because of the employee's disability. CAL. GOV'T CODE § 12940(a). To state a claim for disability discrimination under FEHA, a plaintiff must show she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Mohsin v. California Dep't of Water Res.*, No. 2:13-CV-01236-TLN-EFB, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016) (citing *Alsup v. U.S. Bancorp*, No. 2:14-CV-01515-KJM-DAD, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 2015)).

Plaintiff alleges she suffered from a cancer related medical condition and that Defendant knew she suffered from the condition and needed "accommodation as to her projected return to work." (ECF No. 19-1 ¶¶ 40, 43.) Plaintiff alleges she "would have been able to perform the essential function of her position . . . had Defendant provided her with [] reasonable accommodations[.]" (ECF No. 19-1 ¶ 41.) Plaintiff alleges Defendant failed to hire her due to her medical condition and failed to engage in the interactive process. (ECF No. 19-1 ¶ 44.) Plaintiff states, but has not alleged facts to support a reasonable inference that, Defendant acted *because* of her medical condition or any disability. *Cf. Achal*, 114 F. Supp. 3d at 797–98.

Plaintiff has not alleged facts sufficient to support a reasonable inference Defendant failed to hire her because of her medical condition or disability to meet the third element of her claim,

6

so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's disability discrimination claim.

B. <u>Failure to Hire in Violation of Public Policy</u>

Plaintiff alleges Defendant failed to hire her in violation of public policy because of "Plaintiff's protected characteristics, including her age, medical condition, race, and union affiliation." (ECF No. 19-1 ¶¶ 62 ,65.) Defendant argues Plaintiff's claim related to her union activity is preempted and the remainder of her claim is conclusory and fails to allege sufficient facts to state a claim for failure to hire related to her age, race, or medical condition. (ECF No. 19 at 11–12.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 21 at 6.)

*i.* *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158.

Plaintiff's claim for failure to hire based on Plaintiff's active union affiliation, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Plaintiff argues Defendant had multiple illegal reasons for failing to hire her, and *Garmon* preemption should not apply to her *entire* failure to hire claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 21 at 7–9) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on mixed motives, if some motives were not even arguably unrelated to unfair labor practices).

Plaintiff's claims for failure to hire based on age, race, or medical condition, are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" that NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for failure to hire based on union affiliation is preempted by NLRA, but Plaintiff's claim for failure to hire in violation of public policy based on Plaintiff's age, race, or medical condition, is not preempted.

        *ii.*  *Pleading Adequacy of Plaintiff's Failure to Hire Claim*

Defendant argues, to the extent Plaintiff's failure to hire claim is not preempted, it fails because it is premised on deficient discrimination claims based on Plaintiff's age, race, and medical condition. (ECF No. 19 at 11.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 21 at 6.)

To state a claim for failure to hire based on disparate treatment, a plaintiff must show (1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Plaintiff has not alleged Defendant filled any positions with employees who were not members of the same protected class as Plaintiff. Plaintiff has not alleged Defendant, after rejecting Plaintiff, continued to consider other applicants whose qualifications were comparable to Plaintiff's qualifications. Plaintiff has not alleged facts sufficient to support the fourth element of a claim for failure to hire based on age, race, or medical condition, so the Court need not analyze the other three elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for failure to hire in violation of public policy based on her age, race, medical condition, and union affiliation.

C.     Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against her because she engaged in "such protected activities as being an African American woman over the age of 40 diagnosed with a medical condition" and "she was an active member of the CFT union representing other Resident Advisors at [SJCC], which also constitutes a protected activity." (ECF No. 19-1 ¶¶ 74–75.) Defendant argues Plaintiff failed to show causation between Plaintiff's termination and any protected activity and any claim Defendant retaliated against her based on her union activity is preempted. (ECF No. 19 at 13.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 21 at 6.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege she engaged in any protected activity, such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Plaintiff alleges that in 2014 she requested accommodation for her medical condition — to remain on medical leave until mid-March 2014. (ECF No. 19-1 ¶ 22–23.) In 2014, "a request for accommodation, without more, was insufficient to constitute 'protected activity' under section 12940, subdivision (h), and such activity could not support a claim for retaliation under subdivision (h)." *Moore v. Regents of the Univ. of Cal.*, 248 Cal. App. 4th 216, 247 (2016).

As discussed above, any claim for retaliation based on union activities would be preempted by the NLRA and subject to the exclusive jurisdiction of NLRB. Plaintiff has not alleged facts sufficient to support the first element of her retaliation claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

D. <u>Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)</u>

Plaintiff alleges Defendant "failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination" and rejected her application, even though Defendant "knew of Plaintiff's protected characteristics and also knew Plaintiff planned to continue in her career with [SJCC]" once she was able to resume working. (ECF No. 19-1 ¶¶ 84, 86–87.) Defendant argues FEHA's Section 12940(k) does not give litigants a private cause of action for a stand-alone claim for failure to prevent discrimination. (ECF No. 19 at 13–15.) Defendant cites the Fair Employment and Housing Commission ("FEHC") in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 19 at 14–15.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 21 at 6.)

FEHA forbids an employer failing "to take all reasonable steps necessary to prevent discrimination and harassment . . . from occurring." CAL. GOV'T CODE § 12940(k). To state a claim for failure to prevent discrimination, a plaintiff must show (1) she was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent the discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm. *Achal*, 114 F. Supp. 3d at 804 (citing *Lelaind v. City & Cnty. of San Fran.*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)). "No liability can arise for failing to take necessary steps to prevent discrimination, however, except where discriminatory conduct actually took place and was not prevented." *Id*. (citing *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998) ("[T]he statutory language [does not] support [] recovery on such a private right of action where there has been a specific factual finding that no such discrimination or harassment actually occurred.")).

As discussed, Plaintiff does not allege facts sufficient to state a claim for discrimination based on age, race, or medical condition, so Plaintiff's derivative claim for failure to prevent discrimination fails in relation to those claims. *Ayala*, 2017 WL 2833401 at *8 (finding the plaintiff did not allege sufficient facts to support the existence of a discriminatory motive and so

10

had not adequately pled her claims for discrimination and failure to prevent discrimination); *see also Featherstone v. S. Cal. Permanente Med. Grp.*, 10 Cal. App. 5th 1150, 1166 (Ct. App. 2017), *review denied* (July 12, 2017) (stating if "a plaintiff cannot establish a claim for discrimination, the employer as a matter of law cannot be held responsible for failing to prevent same").

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for failure to prevent discrimination

### E. Failure to Accommodate in Violation of California Government Code § 12940(m)

Plaintiff alleges Defendant was "aware of Plaintiff's medical condition involving pancreatic cancer and knew that Plaintiff had requested accommodation as to both her interview and return date." (ECF No. 19-1 ¶ 95.) Plaintiff alleges Defendant "unreasonably denied Plaintiff's request and refused to allow Plaintiff the opportunity to return to work in her prior position." (ECF No. 19-1 ¶ 96.) Defendant argues Plaintiff does not allege sufficient facts to support this claim, such as details of Plaintiff's "alleged request for accommodation and [Defendant's] knowledge of her alleged disability." (ECF No. 19 at 15.) Defendant adds Plaintiff alleges Defendant "provided her with a telephone interview as she requested." (ECF No. 19 at 15.) Plaintiff states the facts alleged are sufficient. (ECF No. 21 at 6.)

To state a claim for failure to accommodate, a plaintiff must show: (1) she suffered from a disability covered by FEHA; (2) she was a qualified individual; and (3) the defendant failed to reasonably accommodate her disability. *Mohsin*, 2016 WL 4126721, at *4; *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).

In her general factual allegations, Plaintiff alleges facts which, taken as true and drawing all inferences in her favor, adequately plead Plaintiff informed Defendant she had a medical condition which impacted her ability to perform the Residential Advisor role prior to March 16, 2014. (ECF No. 19-1 ¶¶ 17, 20–24.) Plaintiff alleges while on medical leave she informed Defendant "she would be prepared to continue . . . in the next few weeks." (ECF No. 19-1 ¶ 17.) Plaintiff alleges she contacted Defendant again about her application and asked Defendant to conduct her interview by telephone because she had just been discharged from the hospital. (ECF

11

No. 19-1 ¶¶ 20–21.) Plaintiff also alleges Defendant interviewed her and during the interview Defendant asked her several questions about the status of her medical condition and asked when she *would be able* to resume working. (ECF No. 19-1 ¶ 22) (emphasis added). Plaintiff alleges she informed Defendant she would be able to resume work about March 16, 2014, and Defendant responded by thanking her and stating that date should not present a problem. (ECF No. 19-1 ¶¶ 23–24.)

Plaintiff has adequately alleged she informed Defendant before and during her interview she had a medical condition which impacted her ability to perform the Residential Advisor role at that time, and her requested accommodation — to be interviewed by telephone and for a start date for resuming work on or after March 16, 2014. *Steiner v. Verizon Wireless*, No. 2:13-CV-1457-JAM-KJN, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014). Plaintiff has not alleged Defendant failed to accommodate her request for a telephone interview or that she was disadvantaged in the conduct of her interview. *cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089–90 (9th Cir. 2002) (finding a job applicant triggered the interactive process by informing the employer he was hearing impaired and stating in his interview he would have done better with a sign language interpreter and was disadvantaged when the employer failed to suggest any accommodation). Plaintiff alleges Defendant agreed during Plaintiff's interview that her requested start date would not present a problem. (ECF No. 19-1 ¶ 24.)

The only way in which Plaintiff alleges Defendant failed to accommodate her was in deciding not to hire her for a Residential Advisor position. (ECF No. 19-1 ¶ 96.) Plaintiff, however, has not alleged that she requested Defendant hire her as an accommodation. Plaintiff has not alleged she required accommodation after her proposed start date. Plaintiff alleges she informed Defendant she was unable to work as a Residential Advisor prior to March 16, 2014 and the accommodation she requested was not to be given a start date before that. (ECF No. 19-1 ¶ 23.) Plaintiff does not allege she indicated she would have any limitations after that date. Plaintiff alleges Defendant immediately agreed to Plaintiff's only requested accommodation and she did not indicate any other limitation. (ECF No. 19-1 ¶ 24.) Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to accommodate claim.

F. <u>Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)</u>

Plaintiff alleges Defendant was aware of Plaintiff's "medical condition involving pancreatic cancer but failed to engage in a timely, good-faith, interactive process with Plaintiff to determine effective reasonable accommodations for her to fill her previous position as Resident Advisor." (ECF No. 19-1 ¶ 104.) Defendant argues Plaintiff does not allege sufficient facts to support her claim, such as with whom she discussed her disability or request for accommodation, or the specific accommodation requested. (ECF No. 19 at 16.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 21 at 6.)

"FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800. "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id.* at 799 (citing *Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir. 2001)).

Plaintiff states she requested Defendant conduct her interview by telephone and limit any start date to March 16, 2014, or later. (ECF No. 19-1 ¶¶ 21, 23.) Plaintiff alleges Defendant interviewed her, (ECF No. 19-1 ¶ 22), but she does not allege Defendant failed to accommodate her request for a telephone interview. Plaintiff does allege Defendant failed to work with Plaintiff "to determine effective reasonable accommodations for her to fill" the Residential Advisor position. (ECF No. 19-1 ¶ 104.) The only accommodation Plaintiff alleges she requested with regard to the Residential Advisor position was to delay any start date until March 16, 2014. (ECF No. 19-1 ¶ 23.) Plaintiff alleges Defendant immediately agreed that the start date would "not present a problem." (ECF No. 19-1 ¶ 23.) Plaintiff does not allege any facts to support her claim that Defendant failed to engage in the interactive process. Rather, Plaintiff alleges Defendant agreed to Plaintiff's only requested accommodation at the time Plaintiff made the request.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for failure to engage in the interactive process.

### G. Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics, but denied her application in favor of less qualified applicants "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so. (ECF No. 19-1 ¶¶ 110–11.) Defendant argues Plaintiff's claim fails because her allegations relate to personnel management activities, which cannot constitute "extreme and outrageous conduct." (ECF No. 19 at 16–17.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51. "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id*. Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant rejected her application despite Defendant's knowledge of Plaintiff's protected characteristics. (ECF No. 19-1 ¶ 111.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a hiring decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### H. Failure to Provide Copies of Personnel Files in Violation of California Labor Code § 1198.5

Plaintiff alleges that on October 13, 2015, her counsel asked Defendant for Plaintiff's "application records and any documents considered in rejecting her application," but "Defendant failed to provide these documents within 30-day time period required by law." (ECF No. 19-1 ¶ 118–19.) Defendant argues Plaintiff was never an employee of Defendant and Plaintiff's allegation Defendant failed to hire her confirms this. (ECF No. 19 at 17.) Defendant argues Plaintiff is neither a current nor former employee of Defendant, so she is "not entitled to inspect any personnel records pursuant to Section 1198.5, and her claim fails." (ECF No. 19 at 17.)

California Labor Code § 1198.5 provides "[e]very current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." CAL. LAB. CODE § 1198.5(a). The employer must "make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request . . . [.]" CAL. LAB. CODE § 1198.5(b)(1).

Plaintiff has not alleged she was ever employed by Defendant. Rather, Plaintiff alleges Defendant refused to hire her. The plain language of § 1198.5 limits its applicability to current and former employees, but omits any reference to applicants. The Court notes that other parts of the California Labor Code expressly apply to applicants. *See* CAL. LAB. CODE § 432 ("If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."). "Where different words or phrases are used in the same connection in different parts of a statute, it is presumed the Legislature intended a different meaning." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1117 (1999); *see also Arizona Elec. Power Co-op., Inc. v. United States*, 816 F.2d 1366, 1375 (9th Cir. 1987) (stating "[w]hen Congress includes a specific term in one section of a statute but omits it in another section of the same Act, it should not be implied where it is excluded").

///

In *Covington v. San Fran. Unified Sch. Dist.*, No. A112388, 2007 WL 1563510 (Cal. Ct. App. May 31, 2007), the court interpreted Education Code § 44031, which gave employees "the right to inspect personnel records pursuant to Labor Code section 1198.5." *Id.* at *5. The court stated "section 44031 by its terms applies only to 'employees,' which is defined by the Labor Commissioner to mean persons currently employed, laid off with re-employment rights, or on leave of absence." *Id.* (citations omitted). The *Covington* court found the plaintiff job applicant, whose job offer had been rescinded, had not provided evidence he was employed by the school district at the time of his application. *Id.* The court decided that even if the school district maintained a personnel file for the plaintiff, the regulation did not require it to place documents regarding his candidacy in the file or give him the opportunity to respond to them. *Id.* Plaintiff has not alleged she was ever employed by Defendant. Section 1198.5, therefore, does not require Defendant to allow Plaintiff to inspect or receive a copy of any personnel file Defendant may have maintained regarding Plaintiff's candidacy.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to provide copies of personnel files claim.

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 19) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

///

///

///

IT IS SO ORDERED.

Dated: November 6, 2017

Troy L. Nunley
United States District Judge