1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   GLORIA FRANKLIN,                         No. 2:16-cv-00303-TLN-KJN

12                  Plaintiff,

13        v.                                  **ORDER GRANTING DEFENDANT'S**
                                              **MOTION TO DISMISS PLAINTIFF'S**
14   ADAMS & ASSOCIATES, INC.,                **FIRST AMENDED COMPLAINT**

15                  Defendant.

16

17          This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s

18   ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 28.) Plaintiff

19   Gloria Franklin ("Plaintiff") opposes the motion. (ECF No. 29.) Defendant has filed a reply.

20   (ECF No. 30.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion

21   to Dismiss, (ECF No. 28), with prejudice.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                              1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was hired in 2003 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility that offers assistance to at-risk young adults. (ECF No. 27 ¶¶ 9, 10.) Plaintiff states she generally worked the graveyard shift and describes her duties as counseling students and maintaining clean and safe living conditions. (ECF No. 27 ¶ 11.) Plaintiff alleges during her tenure she had no disciplinary history and worked "with support and praise from her supervisors for many years." (ECF No. 27 ¶ 12.) Plaintiff states she was an African American woman, over 40 years old, with a cancer related medical condition, and "an active member of her labor union, the California Federation of Teachers Union." (ECF No. 27 ¶¶ 13, 14, 47, 56, & 69.) Plaintiff alleges in December 2013, she underwent surgery for pancreatic cancer and was hospitalized for two weeks after the surgery. (ECF No. 27 ¶ 14.) Plaintiff alleges "she was forced to miss work for a period of time under disability leave provisions of the Family and Medical Leave Act." (ECF No. 27 ¶ 14.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 27 ¶ 15.) Plaintiff alleges Defendant announced it would reorganize several job duties, reduce the number of Resident Advisor positions, and create a new Residential Coordinator position. (ECF No. 27 ¶ 22.) Plaintiff alleges Defendant announced "it would evaluate and interview [SJCC] employees to continue in their positions." (ECF No. 27 ¶ 22.) Plaintiff alleges she contacted Defendant while on medical leave and informed Defendant "she would be prepared to continue her career with [SJCC] in the next few weeks." (ECF No. 27 ¶ 23.) Plaintiff alleges she filled out and submitted a job application to continue in the same position. (ECF No. 27 ¶ 24.)

Plaintiff alleges she contacted Defendant after her release from the hospital to follow up on her application and request an interview, which she requested be conducted over the telephone because she had just been discharged from the hospital. (ECF No. 27 ¶¶ 26–27.) Plaintiff alleges that during the interview Defendant asked her several questions regarding the status of her medical condition and when she would be able to return to work. (ECF No. 27 ¶ 28.) Plaintiff alleges she informed Defendant she would be prepared to resume working about March 16, 2014. (ECF No. 27 ¶ 29.) Plaintiff alleges Defendant informed her that the "return date would not

2

present a problem and thanked Plaintiff for the interview." (ECF No. 27 ¶ 30.) Plaintiff states she believes Defendant had access to her personnel records and considered them during the interview. (ECF No. 27 ¶ 31.) Plaintiff alleges Defendant's personnel who interviewed her and handled the transition "were predominantly younger and Caucasian." (ECF No. 27 ¶ 32.)

Plaintiff alleges Defendant sent her a letter "approximately 10 days before she was to return to work informing her that she would not be offered an opportunity to continue in her position." (ECF No. 27 ¶ 33.) Plaintiff alleges the "letter further stated that Plaintiff's application would be kept on file and that she would be contacted regarding any additional vacancies." (ECF No. 27 ¶ 34.) Plaintiff alleges Defendant "never contacted [her] regarding another vacancy at [SJCC], and she was informed by other employees that Defendant [] had filled vacancies without any attempt to contact her." (ECF No. 27 ¶ 35.)

Plaintiff alleges "she was treated differently than similarly situated employees who were younger, Caucasian, and had not disclosed health concerns during the employment transition. Those employees appeared to be provided with immediate employment, even if they had significantly less experience than Plaintiff or had no experience" at SJCC. (ECF No. 27 ¶ 36.) Plaintiff alleges "other employees who were similarly situated as members of protected classes faced similar treatment and discrimination in the terms of employment while working for Defendant" at SJCC. (ECF No. 27 ¶ 40.)

Plaintiff alleges she "complained personally and through her union representation that the charge that she was sleeping on the job was false." (ECF No. 27 ¶ 41.) Plaintiff alleges she "complained personally and through her union representation that her termination was motivated by targeted discrimination because of her protected status as a minority, an older woman, and due to her health issues." (ECF No. 27 ¶ 42.)

Defendant moved for judgment on the pleadings for failure to state a claim. (ECF No. 19.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave to amend her complaint. (ECF No. 26.) Plaintiff amended her complaint and asserts ten claims for violations of California's Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 27.) Defendant moves to dismiss for failure to state a claim. (ECF No. 28.)

3

1    **II.    STANDARD OF LAW**

2          A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure

3    12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir.

4    2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

5    statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the

6    factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322

7    (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn

8    from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*,

9    373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary

10   to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550

11   U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim

12   has facial plausibility when the pleaded factual content allows the court to draw the reasonable

13   inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

14   662, 678–79 (citing *Twombly*, 550 U.S. at 556).

15         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

16   factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

17   1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

18   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

19   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

20   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

21   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

22   statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can

23   prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

24   have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

25   *Carpenters*, 459 U.S. 519, 526 (1983).

26         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

27   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting

28   *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability

1  requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

2  *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

3  draw on its judicial experience and common sense."  *Id.* at 679.

4       In deciding a motion to dismiss, the court may consider only the complaint, any exhibits

5  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

6  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

7  *Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

8       If a complaint fails to state a plausible claim, "[a] district court should grant leave to

9  amend even if no request to amend the pleading was made, unless it determines that the pleading

10  could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130

11  (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see*

12  *also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

13  denying leave to amend when amendment would be futile).  Although a court should freely give

14  leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the

15  court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously

16  amended its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520

17  (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

18       **III.**    **ANALYSIS**

19       Defendant argues Plaintiff fails to plead sufficient facts.  (ECF No. 28 at 7.)

20            A.       Discrimination in Violation of California Government Code § 12940(a)

21       Plaintiff alleges Defendant discriminated against her because of her age, medical

22  condition, and race.  (ECF No. 27 ¶¶ 48, 61, 71.)  To state a claim for discrimination under

23  FEHA, a plaintiff must allege facts sufficient to show she suffered an adverse employment action

24  and the employer acted with a discriminatory motive.  *Ayala v. Frito Lay, Inc.*, 2017 WL

25  2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d

26  1235, 1242 (9th Cir. 2013)).  A plaintiff can demonstrate discriminatory motive by showing

27  "other similarly situated employees outside of the protected class were treated more favorably."

28  *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

1    Plaintiff alleges Defendant declined to hire her for a Residential Advisor position and

2    never contacted her about different vacancies at SJCC that Defendant filled.  (ECF No. 27 ¶¶ 33–

3    35.)  Plaintiff alleges "she was treated differently" than employees who were "younger,

4    Caucasian, and had not disclosed health concerns during the employment transition" and who

5    "appeared to be provided with immediate employment, even if they had significantly less

6    experience than Plaintiff or had no experience" at SJCC.  (ECF No. 27 ¶ 36.)  Plaintiff does not

7    allege those employees were hired into the Resident Advisor position for which Plaintiff applied.

8    *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. Jan. 11, 2017)

9    (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such

10   as being replaced by a younger employee, overhearing negative comments about age, or her age

11   being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004)

12   (finding African American plaintiff stated a case for failure to promote by showing the employer

13   transferred a white manager into a position rather than promoting any of the interviewees);

14   *Achal*, 114 F. Supp. 3d at 801–02 (finding the plaintiff pleaded specific non-conclusory facts

15   sufficient to give rise to a plausible inference religion was a significant motivating factor in his

16   termination and defendant's proffered reason was pretextual, where the plaintiff alleged his

17   supervisor complained about his time off for religious practice and called one of the practices of

18   the plaintiff's Hindu faith "ridiculous," the defendant claimed it fired him for benefits fraud but

19   never investigated, and there was no question as to his job performance during his employment).

20       Plaintiff alleges "other employees who were similarly situated as members of protected

21   classes faced similar treatment and discrimination in the terms of employment while working for

22   Defendant" at SJCC.  (ECF No. 27 ¶ 40.)  Plaintiff does not provide factual support for these

23   conclusions nor explain whether and how any differences in treatment among other employees

24   relate to her claims.

25       Plaintiff's allegations are insufficient to plausibly suggest Defendant acted *because* of her

26   age, medical condition, or race.  Accordingly, the Court GRANTS Defendant's motion to dismiss

27   Plaintiff's claims for age, disability, and race discrimination.

28   ///

6

## B. Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire her in violation of public policy because of "Plaintiff's protected characteristics, including her age, medical condition, race, and union affiliation." (ECF No. 27 ¶¶ 81–82.) Plaintiff's claim for failure to hire based on Plaintiff's active union affiliation would constitute a violation of Section 7 or 8 of the NLRA, which protect union activities, and would be subject to *Garmon* preemption and preempted by the NLRA. *Clayton v. Pepsi Cola Bottling Grp.*, 1987 WL 46230, at \*7 n.1 (C.D. Cal. Mar. 3, 1987).

Plaintiff also alleges failure to hire based on her age, medical condition, and race. To state a claim for failure to hire based on disparate treatment, a plaintiff must show the employer filled the position with an employee not of the plaintiff's protected class, or continued to consider other applicants of comparable qualifications after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). Plaintiff has not alleged Defendant filled the Resident Advisor positions with employees who were not members of the same protected class as Plaintiff. Plaintiff has not alleged Defendant considered other applicants whose qualifications were comparable to Plaintiff's who were not members of the same protected class as Plaintiff after rejecting Plaintiff for that position. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to hire in violation of public policy.

## C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against her because she engaged in "such protected activities as being an African American woman over the age of 40 diagnosed with a medical condition." (ECF No. 27 ¶ 94.) To state a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at \*12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

1    Plaintiff does not allege Defendant retaliated against her for any protected activity, such as

2    opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any

3    proceeding under FEHA.  The "activities" Plaintiff labels as protected activities, "being an

4    African American woman over the age of 40 diagnosed with a medical condition," are not

5    protected activities under FEHA.  CAL. GOV'T CODE § 12940(h).

6    Plaintiff claims that *after* Defendant declined to hire her, she and her union representative

7    "complained" that "the charge that she was sleeping on the job was false" and "that her

8    termination was motivated by targeted discrimination because of her protected status as a

9    minority, an older woman, and due to her health issues."  (ECF No. 27 ¶¶ 41–42.)  Plaintiff has

10   not alleged she engaged in any protected activity before Defendant declined to hire her, and she

11   has not cited any authority to support a retaliation claim when the claimed retaliation took place

12   prior to the protected activity.  Accordingly, the Court GRANTS Defendant's motion to dismiss

13   Plaintiff's claim for retaliation.

14                    D.      Failure to Prevent Discrimination in Violation of California Government

15                            Code § 12940(k)

16   Plaintiff alleges Defendant "failed to take 'all reasonable steps necessary' to prevent its

17   employees from engaging in discrimination" and rejected her application, even though Defendant

18   "knew of Plaintiff's protected characteristics and also knew Plaintiff planned to continue in her

19   career with [SJCC]" once she was able to resume working.  (ECF No. 27 ¶¶ 105, 107–08.)

20   FEHA's § 12940(k) does not give private litigants a private cause of action for a stand-

21   alone claim for failure to prevent discrimination as an independent statutory violation.  *In the*

22   *Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*,

23   FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding there cannot be a claim by a private

24   litigant for failure to prevent discrimination without a valid claim for discrimination).  As

25   discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based

26   on age, race, or medical condition, so Plaintiff's derivative claim for failure to prevent

27   discrimination fails.  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's

28   claim for failure to prevent discrimination.

1      E.     Failure to Accommodate in Violation of California Government Code
2             §12940(m)

3          Plaintiff alleges Defendant was "aware of Plaintiff's medical condition involving

4   pancreatic cancer and knew that Plaintiff had requested accommodation as to both her interview

5   and return date." (ECF No. 27 ¶ 118.)  Plaintiff alleges Defendant "further knew that Plaintiff

6   would require additional treatment upon her return to work and refused to hire her based on her

7   need for accommodation regarding that care." (ECF No. 27 ¶ 119.)  Plaintiff alleges Defendant

8   "unreasonably denied Plaintiff's request and refused to allow Plaintiff the opportunity to return to

9   work in her prior position." (ECF No. 27 ¶ 120.)  To state a claim for failure to accommodate, a

10  plaintiff must show: (1) she suffered from a disability covered by FEHA; (2) she was a qualified

11  individual; and (3) the defendant failed to reasonably accommodate her disability. *Mohsin*, 2016

12  WL 4126721, at *4; *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).

13         Plaintiff states she requested accommodation in two ways, that Defendant conduct her

14  interview by telephone and limit any start date to March 16, 2014, or later. (ECF No. 27 ¶¶ 27,

15  29.)  Plaintiff alleges Defendant interviewed her, (ECF No. 27 ¶ 28), but she does not allege

16  Defendant failed to accommodate her request for a telephone interview.  Plaintiff alleges

17  Defendant told her the start date should not present a problem. (ECF No. 27 ¶ 30.)  Plaintiff

18  alleges Defendant knew she would require additional treatment after her return to work, but

19  Plaintiff does not allege she informed Defendant, or that she requested post-return

20  accommodation, or allege any facts showing how Defendant knew this.

21         The only way in which Plaintiff alleges Defendant failed to accommodate her was in

22  deciding not to hire her for a Residential Advisor position. (ECF No. 27 ¶ 118.)  Plaintiff,

23  however, alleges the only accommodation she requested in this regard was not to be given a start

24  date before March 16, 2014. (ECF No. 27 ¶ 29.)  Plaintiff has not alleged she would have any

25  limitations or require accommodation after her proposed start date.  Plaintiff alleges Defendant

26  immediately agreed to Plaintiff's only requested accommodation and she did not indicate any

27  other limitation. (ECF No. 27 ¶ 30.)  Accordingly, the Court GRANTS Defendant's motion to

28  dismiss Plaintiff's claim for failure to accommodate.

9

1          **F.**         <u>Failure to Engage in the Interactive Process in Violation of California</u>

2                          <u>Government Code § 12940(n)</u>

3        Plaintiff alleges Defendant was aware of Plaintiff's "medical condition involving

4 pancreatic cancer but failed to engage in a timely, good-faith, interactive process with Plaintiff to

5 determine effective reasonable accommodations for her to fill her previous position as Resident

6 Advisor." (ECF No. 27 ¶ 129.) "Once an employer becomes aware of the need for

7 accommodation, that employer has a mandatory obligation under the ADA to engage in an

8 interactive process with the employee to identify and implement appropriate reasonable

9 accommodations." *Humphrey v. Mem'l Hosps. Ass'n.*, 239 F.3d 1128, 1137 (9th Cir. 2001).

10        Plaintiff states she requested Defendant conduct her interview by telephone and limit any

11 start date to March 16, 2014, or later. (ECF No. 27 ¶¶ 27, 29.) Plaintiff does not allege

12 Defendant failed to accommodate her request for a telephone interview. Plaintiff alleges

13 Defendant agreed her proposed start date would "not present a problem." (ECF No. 27 ¶ 30.)

14        Plaintiff alleges Defendant failed to work with Plaintiff "to determine effective reasonable

15 accommodations for her to fill" the Residential Advisor position. (ECF No. 27 ¶ 129.) Plaintiff

16 does not allege in what way she would have required accommodation, how she would have been

17 limited or able to perform the essential job functions, how Defendant knew she would have

18 required accommodation, that she requested accommodation, or that Defendant denied the request

19 or failed to accommodate any request. *Steiner v. Verizon Wireless*, No., 2014 WL 202741, at *5

20 (E.D. Cal. Jan. 17, 2014) (granting the defendant's motion to dismiss the plaintiff's ADA claim

21 for failure to accommodate where the plaintiff alleged her employment was terminated because of

22 her disability but did not plead facts to support each required element, such as whether, when, and

23 what accommodations she needed and requested, and whether and why the requests were denied).

24        Plaintiff does not allege any facts to support her claim Defendant was required to engage

25 in the interactive process and failed to do so. Rather, Plaintiff alleges Defendant agreed to

26 Plaintiff's only requested accommodation at the time Plaintiff made the request. Accordingly, the

27 Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to engage in the

28 interactive process.

10

1                 G.       Intentional Infliction of Emotional Distress

2         Plaintiff alleges Defendant knew of Plaintiff's protected characteristics, but denied her

3 application in favor of less qualified applicants "with the intent to cause emotional distress or

4 with reckless disregard of the probability" of doing so. (ECF No. 27 ¶¶ 136–37.) To state a

5 claim for intentional infliction of emotional distress, a plaintiff must show, among other things,

6 "extreme and outrageous conduct by the defendant with the intention of causing, or reckless

7 disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035,

8 1050 (2009). "A simple pleading of personnel management activity is insufficient to support a

9 claim of intentional infliction of emotional distress, even if improper motivation is alleged."

10 *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). Plaintiff has not alleged conduct

11 other than making a hiring decision, and California courts have found this constitutes personnel

12 management activity. *Id*. at 64–65. Accordingly, the Court GRANTS Defendant's motion to

13 dismiss Plaintiff's claim for intentional infliction of emotional distress.

14                 H.       Failure to Provide Copies of Personnel Files in Violation of California

15                        Labor Code § 1198.5

16         Plaintiff alleges her counsel asked Defendant for her "application records and any

17 documents considered in rejecting her application," but "Defendant failed to provide these

18 documents within 30-day time period required by law." (ECF No. 27 ¶¶ 146–47.) California

19 Labor Code § 1198.5 provides "[e]very current and former employee," or her representative, with

20 the right to inspect and receive a copy of the personnel records" "not later than 30 calendar days

21 from the date the employer receives a written request." CAL. LAB. CODE § 1198.5(a), (b)(1).

22         Plaintiff has not alleged she was employed by Defendant, but rather that Defendant

23 declined to hire her. The plain language of § 1198.5 limits its applicability to current and former

24 employees, but omits any reference to applicants. Other parts of the California Labor Code

25 expressly apply to applicants. *See* CAL. LAB. CODE § 432 ("If an employee or applicant signs any

26 instrument relating to the obtaining or holding of employment, he shall be given a copy of the

27 instrument upon request."). "Where different words or phrases are used in the same connection in

28 different parts of a statute, it is presumed the Legislature intended a different meaning." *Briggs v.*

1   *Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1117 (1999); *see Covington v. S.F.*

2   *Unified Sch. Dist.*, 2007 WL 1563510 at \*5 (Cal. Ct. App. May 31, 2007) (interpreting Education

3   Code § 44031, which gave employees "the right to inspect personnel records pursuant to Labor

4   Code section 1198.5," and finding the plaintiff job applicant, whose job offer had been rescinded,

5   had not provided evidence he was employed by the defendant at the time of application.)

6        Plaintiff has not alleged she was ever employed by Defendant, so § 1198.5 does not apply

7   or entitle Plaintiff to inspect or receive a copy of any personnel file Defendant may have

8   maintained regarding Plaintiff's application. Accordingly, the Court GRANTS Defendant's

9   motion to dismiss Plaintiff's claim for failure to provide copies of personnel files.

10       **IV.**    **LEAVE TO AMEND**

11        "A district court may deny a plaintiff leave to amend if it determines that allegations of

12   other facts consistent with the challenged pleading could not possibility cure the deficiency, or if

13   the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure

14   deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a

15   court should freely give leave to amend when justice so requires, "the court's discretion to deny

16   such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"

17   *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

18   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

19        Plaintiff has had two opportunities to allege facts sufficient to support her claims and did

20   not do so. This Court provided detailed analysis in its order on Defendant's motion for judgment

21   on the pleadings about the deficiencies of the original complaint as to each claim and granted

22   leave to amend. (ECF No. 26.) Those deficiencies have not been cured and it would be futile to

23   allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

24       **V.**    **CONCLUSION**

25        For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No.

26   28), with prejudice. The Clerk of the Court is directed to close the case.

27   ///

28   ///

IT IS SO ORDERED.

Dated: August 14, 2018

Troy L. Nunley
United States District Judge